I agree with the majority's conclusion that the trial court abused its discretion by awarding child support without considering Mr. Fekete's extended visitation with the children during their summer vacation. See R.C. 3113.215 (B)(3)(d). Therefore, the matter of child support must be reversed and remanded for further consideration.
However, I would conclude that the remainder of the trial court's decision is supported by substantial evidence and would affirm the judgment in all other respects. Specifically, I disagree with the majority's determination that the fur coat was a marital asset. Such factual decisions are for the trial court and should not be reversed unless they contravene the manifest weight of the evidence. There was substantial evidence in the record to support the trial court's decision that the coat was not a marital asset,[1] and I would not disturb that judgment.
[1] The trial court could not conclusively decide that the coat belonged to Mr. Fekete's employer, because the employer was not a party to this action. The majority's concern that this finding was not supported by the evidence is irrelevant, because the finding had no bearing on the outcome of this divorce action.
The trial could and did properly decide the coat was not a marital asset because (a) the parties' limited assets made it unlikely that they could have afforded to purchase it; and (b) there was evidence the parties did not intend to keep it, but expected it to be sold through Mr. Fekete's employer.